IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER FRANK GARCIA,<br><br>   Petitioner,<br><br>   vs.<br><br>J. W. HAVILAND, Warden,<br><br>   Respondent. | No. C 09-04264 JW (PR)<br><br>ORDER TO SHOW CAUSE; DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*<br><br>(Docket No. 4) |

Petitioner, a state prisoner incarcerated at the Pleasant Valley State Prison in Coalinga, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state conviction. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, petitioner was found guilty in the Superior Court of the State of California in and for the County of Santa Clara of assault with a deadly weapon and a prior conviction. (Pet. at 1.) Petitioner was sentenced on November 3, 2006, to nine years in state prison. (Id.)

Petitioner appealed the conviction; the state appellate court affirmed the conviction and the state high court denied review. (Id. at 3.) Petitioner filed the

instant federal habeas petition on September 15, 2009.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Legal Claims

Petitioner raises the following grounds for federal habeas relief: 1) there was insufficient evidence to support the conviction for assault with a deadly weapon, (Pet. Attach. at 4); 2) the trial court erred in giving deficient jury instructions with respect to "aiding and abetting" liability, (id. at 11); 3) the prosecution committed misconduct in putting forth a legally incorrect theory of aiding and abetting liability in his closing argument, (id. at 15); and 4) the trial court erred in admitting prejudicial evidence with minimal probative value, (id. at 15). Liberally construed, petitioner's claims appear cognizable under § 2254 and merit an answer from respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.  Petitioner's motion for leave to proceed in forma pauperis (Docket No. 4) is DENIED as moot because petitioner has paid the filing fee. (See Docket No. 7.).

2.  The clerk shall serve by certified mail a copy of this order and the

petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty (30) days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

This order terminates Docket No. 4.

DATED: February 10, 2010

JAMES WARE
United States District Judge

Order to Show Cause; Denying Leave to Proceed IFP
P:\PRO-SE\SJ.JW\HC.09\Garcia04264_osc&ifp.wpd        3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAVIER FRANK GARCIA,

        Petitioner,

  v.

J W HAVILAND, Warden,

        Respondent.

Case Number: CV09-04264 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/19/2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Javier Frank Garcia F-52997
CSP Solano
P. O. Box 4000
Vacaville, Ca 95696

Dated: 2/19/2010

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk