*E-Filed 11/22/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAVIER FRANK GARCIA, | No. C 09-4264 RS (PR) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS;** |
| v. | |
| J. W. HAVILAND, Warden, | **DIRECTIONS TO PETITIONER** |
| Respondent. / | |

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition on grounds that it is mixed, i.e., that it contains an unexhausted claim regarding the admission of evidence. (*See* Docket No. 18.)

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982). In fact, a federal district court may not grant the writ unless

state court remedies are exhausted or there is either "an absence of available state corrective process" or such process has been "rendered ineffective." *See* 28 U.S.C. § 2254(b)(1)(A)–(B). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Lundy*, 455 U.S. at 510.

The cognizable claims are (1) there was insufficient evidence to support the conviction for assault with a deadly weapon, (2) the trial court erred in giving deficient jury instructions with respect to "aiding and abetting" liability, (3) the prosecution committed misconduct in putting forth a legally incorrect theory of aiding and abetting liability in his closing argument; and (4) the trial court erred in admitting prejudicial evidence with minimal probative value, including a compact-disc, its cover, and a transcript of the lyrics from the music recorded on the compact-disc.

Respondent is correct that the petition is mixed. A review of the record shows that Claim 4 was not presented to the California Supreme Court. Accordingly, Claim 4 is DISMISSED without prejudice on grounds that it is unexhausted.

Petitioner has three choices. Petitioner can opt to (1) dismiss the petition and return to state court to exhaust the unexhausted claim; (2) proceed with the exhausted claims only; or (3) move to stay the petition, exhaust the unexhausted claims and then move to amend the stayed petition to add the exhausted claim. *See Ford v. Hubbard*, 305 F.3d 875, 882–86 (9th Cir. 2002). **Petitioner must inform the Court of his choice in writing within 30 days from the date of this order. Failure to inform the Court by such date will result in dismissal of the action without further notice to petitioner.**

If he chooses option (1), to dismiss this case and return later with a completely exhausted petition, the new petition may be barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit. *Id*. § 2244(d)(2). Petitioner is reminded that the time a federal petition, such as this one, is pending is not excluded from the one-year limit. *Duncan v. Walker*, 121 S. Ct.

2120, 2129 (2001).

Petitioner is warned that if he chooses option (2), to proceed now with his exhausted claims only, a subsequent petition directed to the same conviction (for instance, attempting to raise the now-unexhausted claim) may be barred as second or successive or abusive. *See* 28 U.S.C. § 2244(b)(1). He also would have to obtain permission from the Ninth Circuit Court of Appeals in order to file such a second petition. *See* 28 U.S.C. § 2244(b)(3)(A).

If he chooses option (3), he must act diligently to file in the California Supreme Court and to obtain a decision from the California Supreme Court on his unexhausted claim. Petitioner would also be required to notify this Court within thirty days of the California Supreme Court's final decision on his unexhausted claims. In order to qualify for a stay, he must also show good cause for why this claim was not previously exhausted and that it is "potentially meritorious" under *Rhines v. Webber*, 544 U.S. 269 (2005). This order terminates Docket No. 18.

**IT IS SO ORDERED**.

DATED: November 22, 2010

_____
RICHARD SEEBORG
United States District Judge